Case 4:22-cv-00742   Document 23   Filed on 03/30/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MTH LENDING GROUP LP, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-742 |
| § | |
| ALVIN R. MULLEN II, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER REMANDING CASE

Before the Court are a motion for a preliminary injunction and a "motion to enforce remand order" filed by Defendant Alvin R. Mullen II ("Mullen"). (Dkt. 17; Dkt. 18).[1] The Court has carefully considered the full record in this case, including the dockets of the numerous related proceedings. Both of Mullen's motions are **DENIED AS MOOT**. The Court *sua sponte* **REMANDS** this case to the 333rd Judicial District Court of Harris County, Texas under 28 U.S.C. § 1452(b).[2]

Furthermore, this lawsuit, which was filed in Texas state court over five years ago, has been removed from Texas state court at least five times—four times to this Court and once to the United States Bankruptcy Court for the District of Columbia. *See* Southern District of Texas case numbers 4:19-CV-323, 4:19-CV-559, and 4:19-CV-2486 and District of Columbia bankruptcy case number 18-10020. Accordingly, the Court will

---

[1] The Court, out of necessity, cites to the dockets of several other cases in this opinion. Docket citations that are enclosed in parentheses and prefaced with the abbreviation "Dkt." are citations to the docket of this case, Southern District of Texas case number 4:22-CV-742.
[2] The state-court cause number is 2017-76078.

broaden the preclusion order entered by Judge Hittner after one of the prior removals to include all parties and not just Elizabeth Thomas, James Allen, and Robert L. Thomas. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37. Once this case returns to Texas state court, **no party may remove it to this Court without advance written permission from the Chief Judge of the Southern District of Texas**. Any attempt to remove this case without obtaining the required permission as set forth in Judge Hittner's order may result in monetary sanctions and/or an order of contempt of court for both the removing party and its counsel.

## BACKGROUND

This case is one strand in a complex web of protracted civil lawsuits and bankruptcy proceedings that Mullen, Elizabeth Thomas, James Allen, Robert L. Thomas, and several other associated parties ("the Mullen parties") have crafted to effectuate, in the words of the United States Bankruptcy Court for the Southern District of New York, "a scheme to delay, hinder, and defraud creditors" through "a long-running systemic plan . . . to prevent a piece of property located at 8202 Terra Valley Lane, Tomball, Texas . . . from being foreclosed." *See* Southern District of New York bankruptcy case number 18-23676 at docket entry 158. Judges of this Court share the New York bankruptcy court's astute view of these cases. In a related bankruptcy appeal, Judge Hughes referred to the Mullen parties' actions as "a ten year campaign of lawsuits and bankruptcies—over 15 have been filed—to avoid foreclosure" through "frivolous litigation" and the recording of "questionable or invalid documents in the real property records . . . including a purported satisfaction and

release of the lien." *See* Southern District of Texas case number 4:19-CV-4321 at docket entry 23.

One of the Mullen parties' favored tactics is the filing of dilatory notices of removal. In an attempt to help quell the Mullen parties' obstructive removals, Judge Hittner entered a preclusion order after remanding the second removal of this case. Judge Hittner's order requires Elizabeth Thomas, James Allen, and Robert L. Thomas to obtain advance written permission from the Chief Judge of the Southern District of Texas before removing this case. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37.[3] However, the Mullen parties have now twice circumvented Judge Hittner's order by having Mullen (along with, in one instance, other non-enjoined Mullen parties) file the notice of removal. On the first such occasion, Judge Eskridge remanded the case to state court on account of procedural defects in the notice of removal and failure to pay the filing fee. *See* Southern District of Texas case number 4:19-CV-2486 at docket entry 60.

The second such occasion is this removal. Mullen has removed the case to this Court under the bankruptcy removal statute, 28 U.S.C. § 1452 ("Section 1452"). (Dkt. 1 at pp. 16–18). The bankruptcy proceeding to which this case purportedly relates is a bankruptcy petition filed by Elizabeth Thomas in the United States Bankruptcy Court for the Southern District of New York. *See* Southern District of New York bankruptcy case number 18-

---

[3] Judge Hittner's order also lists two related state-court cases, case number 2018-91506 and case number 2017-83288, as subject to the injunction on removal. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37. Those two cases were consolidated with this case by the state-court judge prior to the removal that precipitated Judge Hittner's order. *See* case number 2017-76078 in the 333rd Judicial District Court of Harris County, Texas, order of consolidation dated January 30, 2019.

23676. The judges presiding over the bankruptcy have explicitly "determined that the filing of [Elizabeth Thomas's] bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors" through "a long-running systemic plan . . . to prevent a piece of property located at 8202 Terra Valley Lane, Tomball, Texas . . . from being foreclosed." *See* Southern District of New York bankruptcy case number 18-23676 at docket entries 80 and 158.

## **LEGAL STANDARD**

Mullen has removed this lawsuit to this Court under Section 1452. (Dkt. 1 at pp. 16–18). With irrelevant exceptions,[4] Section 1452 states that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). In turn, 28 U.S.C. § 1334 grants jurisdiction to district courts and adjunct bankruptcy courts in proceedings that are "related to" a bankruptcy. *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999). A proceeding is "related to" a bankruptcy "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id*. (quotation marks omitted).

However, even if a claim or cause of action is properly removed to a district court under Section 1452, the district court "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The district court "has broad discretion to grant or deny a motion to remand a removed claim on any equitable ground, including: (1) forum

---

[4] Section 1452 does not allow the removal of proceedings before the United States Tax Court or of civil actions by governmental units to enforce those units' police or regulatory powers.

non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result." *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984) (citations omitted). Since *Browning*, "[c]ourts in the Southern District of Texas have considered additional factors in the evaluation of equitable remand, including the presence of non-debtor parties; the degree of relatedness or remoteness to the main bankruptcy case; whether the case involves forum shopping: and the burden on the bankruptcy court's docket." *GITP Properties I, LTD v. Mattress Pal Holding, LLC*, No. 4:19-CV-1947, 2019 WL 4889603, at *2 (S.D. Tex. Sept. 16, 2019), *adopted*, 2019 WL 4888174 (S.D. Tex. Oct. 2, 2019) (collecting cases). The district court's exercise of discretion under Section 1452(b) is not subject to appellate review, *id.*, and the district court may remand a case under Section 1452(b) *sua sponte*. *In re Ciclon Negro, Inc.*, 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001).

## ANALYSIS

The Court finds no shortage of equitable grounds on which to remand this case. This lawsuit, which was filed in Texas state court over five years ago, has been removed from Texas state court at least four times to this Court and once to the United States Bankruptcy Court for the District of Columbia. Two of those removals, including this one, were in violation of the spirit, though perhaps not the letter, of a preclusion order previously entered

by Judge Hittner. The bankruptcy filing to which this case supposedly relates has been denounced by the bankruptcy court presiding over it as "part of a scheme to delay, hinder, and defraud creditors." This removal was plainly an obstruction tactic.

Needless to say, the Court finds sufficient equitable grounds for a remand under Section 1452. However, the Court must highlight a misrepresentation that the Mullen parties have made both to this Court and to the New York bankruptcy court about whether this case was "removed into" a different case that was pending before Judge Hittner five years ago. Although it is unclear why, apart from a general desire to create confusion, the Mullen parties continue to misrepresent this specific piece of the history of this case, it is abundantly clear that the Court must leave no room for interpretation on this point.

In 2018, one of the Mullen parties, Elizabeth Thomas, removed a different case, Texas state court case number 2016-87941, to the Southern District of Texas, where it was given Southern District of Texas case number 4:18-CV-851 and assigned to Judge Hittner. Judge Hittner remanded the case to state court on the opposing party's motion and ordered Elizabeth Thomas to pay the movant's attorney's fees. *See* Southern District of Texas case number 4:18-CV-851 at docket entry 44. Before the removal, case number 2016-87941 had been consolidated with case number 2017-04089, a fact that Judge Hittner noted in his remand order. *See* case number 2016-87941 in the 333rd Judicial District Court of Harris County, Texas, order of consolidation dated May 16, 2017; Southern District of Texas case number 4:18-CV-851 at docket entry 44. Judge Hittner's remand order made no mention of this case (state-court case number 2017-76078), however, as this case had not (and never has) been consolidated with case number 2016-87941. *See* Southern District of Texas case

number 4:18-CV-851 at docket entry 44. To boil it down: this case was never part of Southern District of Texas case number 4:18-CV-851.

Nevertheless, the Mullen parties, for whatever reason, have represented to this Court and to the United States Bankruptcy Court for the Southern District of New York that this case was somehow "removed into" Southern District of Texas case number 4:18-CV-851 before Judge Hittner entered his remand order. (Dkt. 21 at p. 2). *See* Southern District of New York bankruptcy case number 18-23676 at docket entry 137. This is legally impossible. "As a procedural matter, a litigant may not properly remove a state court case 'into' an existing federal case as [the Mullen parties apparently] attempted to do [before Judge Hittner]. Instead, the litigant must comply with the procedures of the removal statutes and pursue consolidation thereafter." *Alcoser v. Ford*, No. 21-50626, 2022 WL 4078564, at *2 (5th Cir. Sept. 6, 2022) (footnote omitted); *see also Gilliam v. Austin*, No. C-02-1389, 2002 WL 1034115, at *4 (N.D. Cal. May 13, 2002) ("[T]he notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number[.] A case cannot be removed from state court to become part of an already existing federal case."). The Mullen parties did not comply with the required procedures, so, again, this case was never part of Southern District of Texas case number 4:18-CV-851.

For all the reasons discussed above, the Court will remand this case to Texas state court under 28 U.S.C. § 1452(b). The Court will also broaden the preclusion order entered by Judge Hittner in Southern District of Texas case number 4:19-CV-559 to include all

parties and not just Elizabeth Thomas, James Allen, and Robert L. Thomas. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37.

## CONCLUSION

The motion for a preliminary injunction and "motion to enforce remand order" filed by Defendant Alvin R. Mullen II (Dkt. 17; Dkt. 18) are **DENIED AS MOOT**, as are any other pending motions. The Court sua sponte **REMANDS** this case to the 333rd Judicial District Court of Harris County, Texas under 28 U.S.C. § 1452(b).[5]

Once this case returns to Texas state court, **no party may remove it to this Court without advance written permission from the Chief Judge of the Southern District of Texas**. Any attempt by any party to remove this case without obtaining the required permission as set forth in the preclusion order entered by Judge Hittner in Southern District of Texas case number 4:19-CV-559[6] may result in monetary sanctions and/or an order of contempt of court for both the removing party and its counsel.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the District Clerk of Harris County, Texas and the Clerk of the 333rd Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas on March 30, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The state-court cause number is 2017-76078.
[6] The Court has attached Judge Hittner's order to this opinion.